IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAURA SMITH f/k/a LAURA BRANNEN,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC;
and GUGLIELMO AND ASSOCIATES, PLLC,

    Defendants.

## COMPLAINT FOR DAMAGES

1. Defendant Portfolio Recovery Associates, LLC and Guglielmo and Associates, PLLC, respectively an unlicensed debt collection company and a debt collection law firm, filed a collection lawsuit against Plaintiff Laura Smith f/k/a Laura Brannen even though the statute of limitations had earlier expired.

### Jurisdiction

2. This Court has jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), *see* 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

### Parties

3. Plaintiff Laura Smith f/k/a Laura Brannen resides in Albuquerque, New Mexico.

4. Defendant Portfolio Recovery Associates, LLC ("PRA") is a debt collection company whose principal business is the collection of consumer debts. It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. In the past, it

has been licensed as a collection agency by the New Mexico Financial Institutions Division, although its license is currently "inactive." PRA is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. Defendant Guglielmo and Associates, PLLC, is a debt collection law firm whose principal business is the collection of consumer debts. It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Guglielmo and Associates is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Facts**

6. In approximately 2006, Ms. Smith – then known as Ms. Brannen – purchased a car from CarMax in Albuquerque, New Mexico. The purchase was financed by Capital One Auto Finance with payments made by automatic withdrawal from Ms. Smith's bank account.

7. In 2007, Ms. Smith experienced unforeseen financial difficulties caused by a divorce and other events.

8. Ms. Smith made her last payment towards the finance contract on March 4, 2008.

9. Before April 30, 2008, Ms. Smith was considered in breach of the finance contract.

10. Ms. Smith's car was subsequently repossessed and resold resulting in a deficiency balance.

11. PRA purchased the account based on the finance contract or it was assigned the right to collect on this account.

12. On April 30, 2012, Defendants filed a collection lawsuit against Ms. Smith in Bernalillo County Metropolitan Court. *See Portfolio Recovery Associates, LLC v. Brannen*, No. T4-CV-12-4899 (Bernalillo County Metropolitan Court).

13. At the time Defendants filed the collection lawsuit, PRA was not licensed as a collection agency with New Mexico Financial Institutions Division, its license having earlier been declared "inactive" because of its failure to renew.

14. On May 19, 2012, Ms. Smith was served with this lawsuit.

15. Under clear New Mexico law, the statute of limitations is four years from the date of default for collection lawsuits based on a deficiency balance that results from a repossession and resale. *First National Bank in Albuquerque v. Chase*, 118 N.M. 783, 887 P.2d 1250 (N.M. 1994).

16. Apparently aware that New Mexico law established that the collection lawsuit was untimely, in the Complaint, Defendants styled the lawsuit a "Complaint on an Open Account/Breach of Contract" rather than accurately state that the Complaint was based on a deficiency balance resulting from a repossession and resale.

17. Moreover, in violation of NMRA 1-009(I), Defendants failed to serve a copy of the finance contract with the Complaint.

18. Upon information and belief, Defendants engage in a pattern and practice of filing collection lawsuits against New Mexico consumers even though the statute of limitations has expired, engage in a pattern and practice of suing on open account and/or contract theories rather than accurately stating that the Complaint is based on a deficiency balance resulting from a repossession and resale and engage in a pattern and practice of failing to serve with such Complaints a copy of the finance contract.

19. As a result of Defendants' conduct, Ms. Smith has suffered actual damages, including:

    a. Emotional upset;

    b. Aggravation and frustration;

    c.    Embarrassment and humiliation; and

    d.    Out of pocket expenses.

### First Claim for Relief: Violations of the FDCPA

20. Defendants' actions violate the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10) and 1692f.

21. Ms. Smith is entitled to recover statutory damages, actual damages and attorney fees and costs.

### Second Claim for Relief: Violations of the New Mexico Unfair Practices Act

22. Defendants' actions constitute unfair or deceptive trade practices within the meaning of the New Mexico Unfair Practices Act ("UPA"), as defined by NMSA 1978 § 57-12-2(D) generally and NMSA 1978 § 57-12-2(D)(14) and (15) specifically.

23. Defendants willfully engaged in these unlawful trade practices.

24. Ms. Smith is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus attorney fees and costs.

### Third Claim for Relief: Violations of the Uniform Commercial Code

25. PRA's actions and inactions violated the Uniform Commercial Code ("UCC"), including but not limited to NMSA 1993 § 55-2-725.

26. Ms. Smith is entitled to recover statutory and actual damages.

### Request for Relief

Ms. Smith requests that this Court award:

A.    Statutory and actual damages, for violations of the FDCPA;

B.    Statutory or actual damages, trebled, for violations of UPA;

C.    Statutory and actual damages, for violations of the UCC;

D.  Reasonable attorney fees and costs; and

E.  Such other relief as the Court deems just and proper.

Respectfully submitted,

TREINEN LAW OFFICE PC

_____
ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico 87102
(505) 247-1980
(505) 843-7129 (fax)